IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                        No. CR 19-4656 JB

PATRICK KOHUT,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to the Presentence Report, filed June 16, 2021 (Doc. 53)("Objections"). The primary issues are: (i) whether the Court can apply a 3- level sentencing enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 3A1.2(a), because Defendant Patrick Kohut's assault on an employee of the United States Postal Service ("USPS") was "motivated by" the employee's "status" as a postal worker; and (ii) whether a downward departure under U.S.S.G. § 5K2.13 may be warranted, because Kohut's use of methamphetamine did not contribute to his assault of a postal worker. The Court concludes that: (i) U.S.S.G. § 3A1.2(a)'s enhancement does not apply, because there is no evidence that the victim's status as a postal worker motivated Kohut's actions; and (ii) Kohut is eligible for a downward departure under U.S.S.G. § 5K2.13, because there is insufficient evidence that Kohut's use of methamphetamine contributed to his assault of a postal worker. The Court, therefore, sustains the Objections.

## FINDINGS OF FACT

The Court takes its facts from the Presentence Investigation Report, filed May 27, 2021 (Doc. 51)("PSR"), and the Objections. The Court makes its findings of fact by a preponderance of the evidence. United States v. Williams, No. CR. 17-2556 JB, 2020 WL 4016108, at *6 (D.N.M.

July 16, 2020)(Browning, J.)(citing United States v. Olsen, 519 F.3d 1096, 1105 (10th Cir. 2008)). Accord United States v. Zapata, 546 F.3d 1179, 1192 (10th Cir. 2008). The Court may rely upon hearsay if the hearsay is reliable.  See United States v. Banda, 168 F. App'x 284, 289 (10th Cir. 2006)("[T]here is no prohibition on considering hearsay testimony at sentencing, provided it bears indicia of reliability.").[1]  The evidence and information upon which the Court relies must have sufficient indicia of reliability.  See U.S.S.G. § 6A1.3 ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.").

  1. On November 27, 2019, A.E.[2], a USPS employee, was taking mail to 7308 Trumbull Ave. in Albuquerque, New Mexico,[3] with his USPS partner.  See PSR ¶¶ 9-11, at 5

---

[1] United States v. Banda is an unpublished opinion, but the Court can rely on an unpublished opinion from the United States Court of Appeals for the Tenth Circuit to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent. . . .  And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that United States v. Banda, has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

[2] The United States Probation Office does not provide the USPS worker's name, only the initials.  See PSR ¶ 9, at 5.

[3] The PSR states that A.E. was taking mail to 7317 Trumbull Ave., but the Objections state that, "[a]ccording to the discovery and A.E.'s own statement, he was delivering mail to 7308 Trumbull Ave. S.E."  Objections at 3.  The United States does not object to this correction.  See United States' Response to Defendant's Objections to the PSR at 2, filed July 7, 2021 (Doc. 56).

2. As A.E. was taking mail to 7308 Trumbull, Ave., Kohut came out of the house at 7317 Trumbull Ave. with a steak knife and yelled, "'give me a fucking cigarette!'" PSR ¶ 9, at 5 (no citation for quotation). See PSR ¶ 9, at 5 (describing the knife as steak knife).

3. A.E. told Kohut to "get back or he was going to spray pepper spray at him." PSR ¶ 9, at 5.

4. Kohut then threw the steak knife at A.E., which struck A.E.'s left shoulder, but "bounced off" and landed in the gutter. PSR ¶ 14, at 5. See PSR ¶ 9, at 5.

5. The knife's handle, not the blade, struck A.E. See PSR ¶ 14, at 5.

6. A.E. was not injured, but he was afraid that Kohut was going to hurt him. See PSR ¶ 9, at 5.

7. After Kohut threw the steak knife, Kohut went back inside the house. See PSR ¶ 9, at 5.

8. Kohut's mother came outside and asked A.E. not to call the police, because Kohut wat "sick." PSR ¶ 14, at 5.

9. A.E. told Kohut's mother than he had to call the police, because Kohut "could have injured me or another adult or child." PSR ¶ 14, at 6.

10. Officers with the Albuquerque Police Department ("APD") were dispatched to 7317 Trumbull Ave SE in Albuquerque, New Mexico, because of a call about a possible aggravated assault or battery. See PSR ¶ 9, at 5.

11. APD officers found the steak knife in the street gutter. See PSR ¶ 10, at 5.

12. Several witnesses gave statements confirming A.E.'s account to the APD officers. See PSR ¶ 10, at 5.

  13. APD officers arrested Kohut on "local related charges" the same day.  PSR ¶ 10, at 5.

  14. Since the assault, A.E. has been "more aware and cautious of [his] surroundings." PSR ¶ 14, at 6.

## PROCEDURAL BACKGROUND

  On March 15, 2021, Kohut pled guilty to one count of assault on a federal employee involving use of a deadly weapon, in violation of 18 U.S.C. §§111(a) and (b).  See Plea Agreement at 2, filed March 15, 2021 ("Plea").  The United States Probation Office ("USPO") filed the PSR on May 27, 2021.  PSR at 1.  In the PSR, the USPO calculates Kohut's total offense level to be 20, which includes a 3-level "victim related adjustment," because the victim was a government officer or employee, and the "offense of conviction was motivated by such status."[4]  PSR ¶ 20, at 6.  See U.S.S.G. § 3A1.2(a).  The USPO also acknowledges that a downward departure may be warranted under U.S.S.G. § 5K2.13(a), because Kohut has a "long history of mental health issues, learning disabilities, and [there are] questions regarding his competency to stand trial."  PSR ¶ 98, at 20. The USPO does not recommend a downward departure, however, because of Kohut's "voluntary use of methamphetamine which was also a contributing factor which led to the instant offense." PSR ¶ 98, at 21.

---

[4]The PSR does not apply U.S.S.G. § 3A1.2(a) correctly.  The PSR applies a 3-level enhancement under U.S.S.G. § 3A1.2(a) for a violation of 18 U.S.C. § 111(a).  See PSR ¶ 17, at 6.  U.S.S.G. § 3A1.2(b) states, however: "If subsection (a)(1) and (2) apply, and the applicable Chapter Two guideline is from Chapter Two, Part A (Offenses Against the Person), increase by six levels."  U.S.S.G. § 3A1.2(b).  Because, as the PSR notes, the relevant U.S.S.G. provision for a violation of 18 U.S.C. § 111(a) is U.S.S.G. § 2A2.2(a) -- part of Chapter Two, Part A (Offenses Against the Person) -- U.S.S.G. § 3A1.2 requires a 6-level enhancement and not a 3-level enhancement as the PSR states.  See PSR ¶ 17, at 6; U.S.S.G. §§ 3A1.2, 2A2.2(a).  Because the Court concludes that there is no evidence the victim's status as a postal worker motivated Kohut's offense, this error does not make a difference in calculating Kohut's total offense level.

Kohut objects to U.S.S.G. § 3A1.2(a)'s application, because "there is no evidence in the record to suggest Mr. Kohut's action were motivated by anything other than symptoms of his mental illness and a desire for a cigarette." Objections at 2. Kohut asks the Court, therefore, to reduce the total offense level to 17. See Objections at 2. Kohut also objects to the PSR's suggestion that Kohut's "voluntary use of methamphetamine was a contributing favor that led to his offense on November 27, 2019." Objections at 3. There is no dispute that Kohut "struggles with substance use" and that he was "using methamphetamine in November 2019." Objections at 5. Nevertheless, Kohut argues that there is "no evidence" that he was "using in the hours leading up to the incident" on November 27, 2019. Objections at 5. Kohut contends that he had "woken up moments before this incident" and that a witness statement supports this assertion. Objections at 5. Kohut does not indicate which witness statement supports this assertion, however. See Objections at 5.

Plaintiff United States of America agrees with Kohut that U.S.S.G. § 3A1.2(a) does not apply. See United States' Response to Defendant's Objections to the PSR at 2, filed July 7, 2021 (Doc. 56)("Objections Response"); United States' Sealed Response in Opposition to Defendant's Sentencing Memorandum and Motion for a Downward Variance at 9-10, filed June 28, 2021 (Doc. 55)("Memo. Response"). The United States contends that Kohut "knew A.E. was a postal employee because he was wearing a postal uniform, a postal vehicle [was] nearby, and A.E. was delivering mail." Memo. Response at 10. The United States agrees, however, that Kohut "was not motivated by the postal worker's status as a government employee." Objections Response at 2. "It seems that Defendant wanted a cigarette from anyone nearby regardless of the victim's status as a postal employee." Memo. Response at 10. The United States does not agree, however, that there is no evidence that methamphetamine contributed to this offense. See Objections

Response at 4-5. According to the United States, Kohut "has admitted that he used methamphetamine at the time in question and substance abuse can contribute to a decline in mental health and increased criminal activity." Objections Response at 4-5. The United States does not cite, however, to any documentation showing that Kohut used methamphetamine "at the time in question." Objections Response at 4.

The USPO maintains that U.S.S.G. § 3A1.2(a) applies. See Addendum to the Presentence Report at 2, filed July 9, 2021 (Doc. 57)("Addendum"). The PSR states that U.S.S.G. § 3A1.2(a) applies, because Application Note 4 to U.S.S.G. § 2A2.2 states that, "'if subsection (b)(7) applies, § 3A1.2(a) (Official Victim) shall also apply.'" Addendum at 2 (quoting U.S.S.G. § 2A2.2, cmt. n.4.) Section 2A2.2(b)(7) states: "If the defendants was convicted under 18 U.S.C. § 111(b) or § 115, increase by two levels." U.S.S.G. § 2A2.2(b)(7). The USPO states that, because Kohut was convicted of a violation of 18 U.S.C. § 111(b), the official-victim enhancement under U.S.S.G. § 3A1.2(a) applies. See Addendum at 2. The Addendum also indicates that the USPO agrees with the United States that methamphetamine contributed to Kohut's offense. See Addendum at 2. The USPO "conducted the presentence interview on March 22, 2021," during which Kohut admitted that "his most recent use of methamphetamine was November 2019." Addendum at 2. The USPO believes, therefore, that because the assault happened on November 27, 2019, that methamphetamine contributed to Kohut's assault of a postal worker. See Addendum at 2.

### RELEVANT LAW REGARDING THE GUIDELINES

U.S.S.G. § 3A1.2 provides:

> (a)   If (1) the victim was (A) a government officer or employee; (B) a former government officer or employee; or (C) a member of the immediate family of a person described in subdivision (A) or (B); and (2) the offense of conviction was motivated by such status,

> increase by 3 levels.
>
> (b) If subsection (a)(1) and (2) apply, and the applicable Chapter Two guideline is from Chapter Two, Part A (Offenses Against the Person), increase by 6 levels.

U.S.S.G. § 3A1.2(a)-(b). Application Note 3 to U.S.S.G. § 3A1.2 says that "motivated by such status . . . means that the offense of conviction was motivated by the fact that the victim was a government officer or employee, or a member of the immediate family thereof." U.S.S.G. § 3A1.2 application note 3. The Application Note explains:

> This adjustment would not apply, for example, where both the defendant and victim were employed by the same government agency and the offense was motivated by a personal dispute. This adjustment also would not apply in the case of a robbery of a postal employee because the offense guideline for robbery contains an enhancement (§ 2B3.1(b)(1)) that takes such conduct into account.

U.S.S.G. § 3A1.2 application note 3. See United States v. Williams, 520 F.3d 414, 424 (5th Cir. 2008)("The commentary further provides for a 'personal dispute' exception, noting that the adjustment would not apply 'where both the defendant and victim were employed by the same government agency and the offense was motivated by a personal dispute.'")(quoting U.S.S.G. § 3A1.2 application note 3).

United States Courts of Appeals have upheld enhancements under § 3A1.2 when the defendant knew that the victim was a government officer or employee, and the motivation for the action arose from the tasks that the government officer performed because of his or her status as a government officer. See, e.g., United States v. Williams, 520 F.3d 414, 424 (5th Cir. 2008); United States v. Talley, 164 F.3d 989, 1003-04 (6th Cir. 1999). In United States v. Williams, the United States Court of Appeals for the Fifth Circuit held that a corrections officer's status as a corrections officer motivated a defendant to assault the corrections officer allegedly for his inappropriate touching during a pat-down. See 520 F.3d at 424. The Fifth Circuit concludes that "the sole reason [the defendant's] allegation of improper touching by Officer Bordelon arose was because Officer

Bordelon was employed as a corrections officer . . . ." 520 F.3d at 424.  Similarly, in United States v. Talley, the United States Court of Appeals for the Sixth Circuit concludes that an agent's official status motivated a defendant seeking to eliminate witnesses before his trial, when the defendant solicited someone to kill the federal agent.  See 164 F.3d at 1004.  The Sixth Circuit notes that the "very reason" that the agent acted as a witness was "because of his official status" and that the defendant wanted to kill the agent, because the agent., "in performing his duties as a government official, had obtained incriminating information and would therefore be able to testify against" the defendant.  164 F.3d at 1004.  See United States v. Kwaja, 691 F. App'x 214, 214 (5th Cir. 2017)(unpublished)("The sole reason [the defendant's] altercation with the officer arose was because the officer was acting in his official capacity as a federal policeman"), cert. denied, 138 S. Ct. 414 (2017); United States v. Rue, 988 F.2d 94, 95, 97 (10th Cir. 1993)(upholding § 3A1.2's application when a prisoner attacked a prison guard attempting to take a "homemade hypodermic syringe" from the prisoner).  The Court has applied § 3A1.2 where one officer "identified himself with his Drug Enforcement Administration badge," another officer "issued several commands," the defendant attempted to avoid arrest, and the defendant "was convicted of assaulting, resisting, impeding, intimidating, and interfering with a federal law enforcement officer." United States v. Akendeu, No. CR 18-0223 JB, 2019 WL 1002362, at *2 (D.N.M. Mar. 1, 2019)(Browning, J.).

Section 3A1.2 does not apply where the crime at issue does not relate to an officer's status, even if the officer was harmed.  See United States v. Blackwell, 323 F.3d 1256, 1262 (10th Cir. 2003)(explaining that "[t]he offense of conviction in this case was possession of a firearm by a felon.  Nothing about the status of the officers in any way motivated the commission of that offense, nor were the officers victims of that offense," and comparing the facts to convictions for drug possession, which are also not motivated by the officers' status); United States v. Ansberry,

976 F.3d 1108, 1123 (10th Cir. 2020)(reversing the district court's imposition of the official-victim enhancement, because the district court considered more than the "facts immediately related to the offense of conviction support the enhancement"). See also United States v. Goolsby, 209 F.3d 1079, 1081-82 (8th Cir. 2000)(holding where offenses of conviction were conspiracy to distribute cocaine base and possession with intent to distribute, defendant's assault of officer during escape from custody not subject to official victim enhancement under § 3A1.2); United States v. Drapeau, 121 F.3d 344, 349 (8th Cir. 1997)(noting § 3A1.2(a) provides that its enhancement is only proper where government official is victim of defendant's offense of conviction; hence district court erred in considering other relevant conduct); United States v. Ortiz-Granados, 12 F.3d 39, 42 n 4 (5th Cir. 1994)(recognizing that § 3A1.2(a) is inapplicable, because defendant's "offense conviction-possessing, importing, and conspiring to possess and import marijuana-was not motivated by the Border Patrol agents' status as government officers or employees"); United States v. Powell, 6 F.3d 611, 613 (9th Cir. 1993)(holding that § 3A1.2(a) is inapplicable to the defendant's guilty plea to charge of felon in possession of firearm because the law enforcement officer's official status did not motivate the offense of conviction); United States v. Morrow, 925 F.2d 779, 782 (4th Cir. 1991)(same).

Section 3A1.2(a) also does not apply if the defendant does not know of the victim's official status, "because the guidelines' language explicitly requires knowledge." United States v. Solorzano, 832 F. App'x 276, 282 (5th Cir. 2020). See United States v. Rivera-Alonzo, 584 F.3d 829, 836 (9th Cir. 2009)("The key factors are knowledge of the victim's official status and assaultive conduct motivated by that knowledge."). For instance, in United States v. Solorzano, the Fifth Circuit concluded that the defendant "was not motivated by" the officer's "official status," because "[h]e did not know" that the officers "were federal officers when he shot at them":

> Throughout this encounter [the officers] drove unmarked vehicles, wore plain clothes, and never informed [the defendant] that they were law enforcement. [A co-defendant] testified at trial that he and [the defendant] did not know they were firing at law enforcement officers. [One of the officers] himself recognized on cross-examination that [the defendant] had no reason to believe they were officers.

United States v. Solorzano, 832 F. App'x at 282.  In United States v. Rivera-Alonzo, the United States Court of Appeals for the Ninth Circuit held that a district court enhanced properly a sentence under U.S.S.G. § 3A1.2 where the defendant saw a Border Patrol agent in uniform, attempted to run away, eventually dove at the agent's feet, tackled him, and took the agent's gun before being subdued by another agent.  See United States v. Rivera-Alonzo, 584 F.3d at 837 ("The 'Official Victim' enhancement does not require that a defendant harbor any particular ill-will towards federal agents.  It is enough that a defendant knows that the victim is a federal officer and then assaults the officer in an attempt to get away or evade capture.")(no citation for quotation).

**ANALYSIS**

The Court concludes that: (i) U.S.S.G. § 3A1.2(a) does not apply, because there is no evidence the victim's status as a government official motivated Kohut; and (ii) a downward departure under U.S.S.G. § 5K2.13 may be warranted, because there is insufficient evidence that Kohut's use of methamphetamine contributed to his assault of a postal worker.  Section 3A1.2(a) does not apply if the defendant did not know of the victim's official status, "because the guidelines' language explicitly requires knowledge."  United States v. Solorzano, 832 F. App'x 276, 282 (5th Cir. 2020).  See United States v. Rivera-Alonzo, 584 F.3d 829, 836 (9th Cir. 2009)("The key factors are knowledge of the victim's official status and assaultive conduct motivated by that knowledge."); United States v. Akendeu, 2019 WL 1002362, at *2 ("United States Courts of Appeals have upheld enhancements under § 3A1.2 when the defendant knew that the victim was a government officer or employee, and the motivation for the action arose from the tasks that the

- 10 -

government officer performed because of his or her status as a government officer."). See also United States v. Cleveland, No. CR 17-0965 JB, 2021 WL 2634667, at *1 (D.N.M. June 25, 2021)(Browning, J.)(concluding that U.S.S.G. § 3A1.2(a) applies because the defendant knew he was shooting at an officer).

Here, first, there is no evidence that the postal worker's status as a postal worker motivated Kohut. See PSR ¶¶ 1-99, at 1-21. The victim, A.E., was delivering mail to a nearby house when Kohut came out of his house. See PSR ¶ 9, at 5. His partner, who was also a postal worker, accompanied A.E. See PSR ¶ 10, at 5. When Kohut came out of his house and saw A.E., Kohut yelled "give me a fucking cigarette!" at A.E., but A.E. had time to respond -- telling Kohut to "get back or he was going to spray pepper spray at him" -- before Kohut threw the knife. See PSR ¶ 9, at 5. There was, therefore, sufficient time for Kohut to register that A.E. was a postal worker before Kohut threw the steak knife. The Court concludes by a preponderance of the evidence, therefore, that Kohut was aware of A.E.'s status as a postal worker. By itself, knowledge of the victim's status as a government officer or employee is not enough to satisfy U.S.S.G. § 3A1.2(a). See United States v. Rivera-Alonzo, 584 F.3d at 836. Even though Kohut had time to realize that A.E. was a postal worker, nothing about Kohut's conduct indicates that A.E.'s official status motivated his actions. Kohut could have done the same thing if A.E. had been a neighbor or a passerby out for a walk. The Court, therefore, agrees with Kohut that "there is no evidence in the record to suggest that Mr. Kohut's actions were motivated by anything other than symptoms of his mental illness and a desire for a cigarette." Objections at 2.

In addition, the USPO's interpretation of the official-victim enhancement under U.S.S.G. § 3A1.2(a) is incorrect. See PSR ¶¶ 19-20, at 6; Addendum at 2. First, the USPO forgets about U.S.S.G. § 3A1.2(b), which applies a 6-level increase if the "applicable Chapter Two guideline is

from Chapter Two, Part A (Offenses Against the Person)." U.S.S.G. § 3A1.2(b). Because Kohut pled guilty to a violation of 18 U.S.C. §§ 111(a) and (b), the applicable Chapter Two guideline is U.S.S.G. § 2A2.2. See Plea at 2. U.S.S.G. § 3A1.2(a) therefore requires a 6-level increase, and not a 3-level increase as the PSR states. See PSR ¶ 20 at 6. Second, the USPO misinterprets U.S.S.G. § 2A2.2 cmt. n.4 and misreads U.S.S.G. § 3A1.2(a). See PSR ¶ 19 at 6; Addendum at 2. The USPO applies a 3-level enhancement that should be a 6-level enhancement, because U.S.S.G. § 2A2.2 cmt. n.4 states that, if a defendant is convicted under 18 U.S.C. § 111(b), then "U.S.S.G. § 3A1.2 (Official Victim) shall also apply." U.S.S.G. § 2A2.2 cmt. n.4. U.S.S.G. § 3A1.2, in turn, instructs to apply a 3-level enhancement only if two conditions are met: (i) if the victim was a current or former government officer or employee, or an immediate family member of a current or former government officer or employee; and (ii) "the offense of conviction was motivated by such status." U.S.S.G. § 3A1.2(a). U.S.S.G. § 3A1.2 does not say to apply a 3-level enhancement if those conditions are not met. See U.S.S.G. § 3A1.2. U.S.S.G. § 2A2.2 cmt. n.4 states that U.S.S.G. § 3A1.2(a) "shall apply," and not that the 3-level enhancement shall apply. U.S.S.G. § 2A2.2 cmt. n.4. The USPO's interpretation of U.S.S.G. § 2A2.2 cmt. n.4 would read the knowledge and motivation requirements out of U.S.S.G. § 3A1.2's official-victim enhancement. As a result, the USPO's interpretation of U.S.S.G. § 2A2.2 cmt. n.4 runs afoul of both a plain-text reading of U.S.S.G. § 2A2.2 cmt. n.4 and of U.S.S.G. § 3A1.2, and is inconsistent with courts' interpretations of those same provisions. See United States v. Solorzano, 832 F. App'x at 282("The 'most natural reading' of comment 4 is that § 3A1.2 applies, provided the obvious caveat that its criteria are met.)(quoting United States v. Bustillos-Pena, 612 F.3d 863, 867 (5th Cir. 2010)); United States v. Rivera-Alonzo, 584 F.3d at 836("The key factors are knowledge of the victim's official status and assaultive conduct motivated by that knowledge."); United States v. Akendeu, 2019 WL

1002362, at *2 ("United States Courts of Appeals have upheld enhancements under § 3A1.2 when the defendant knew that the victim was a government officer or employee, and the motivation for the action arose from the tasks that the government officer performed because of his or her status as a government officer."). As a result, the Court agrees with the United States and Kohut that U.S.S.G. § 3A1.2's official-victim enhancement does not apply here, because there is no evidence A.E.'s status as a postal worker motivated Kohut's assault.

Second, there is insufficient evidence for the Court to conclude that Kohut's use of methamphetamine contributed to his assault of A.E. In the PSR, the USPO concludes that, even though a downward departure under U.S.S.G. § 5K2.13 "may be applicable," because of Kohut's "long history of mental health issues, learning disabilities, and questions regarding his competency to stand trial," a downward departure is "not recommended due to his voluntary use of methamphetamine which was also a contributing factor which led to the instant offense." PSR ¶ 98 at 20-21. The USPO states that methamphetamine is a "contributing factor," because Kohut admits that his "most recent use of methamphetamine was November 2019," and the assault happened on November 27, 2019. Addendum at 2. The United States alleges that Kohut "has admitted that he used methamphetamine at the time in question." Objections Response at 4. The United States does not, however, point to any evidence to support this assertion. See Objections Response at 4. Without more, Kohut's acknowledgement that he used methamphetamine in November, 2019, does not suggest that used methamphetamine on November 27, 2019, or even in the days leading up to November 27, 2019. By a preponderance of the evidence, the Court cannot conclude, therefore, that Kohut's use of methamphetamine "was a contributing factor which led to the instant offense." PSR ¶ 98 at 21. As a result, Kohut's methamphetamine use does not limit the Court from considering whether a downward departure may be appropriate under U.S.S.G.

§ 5K2.13.

**IT IS ORDERED** that the Defendant's Objections to the Presentence Report, filed June 16, 2021 (Doc. 53), are sustained.

                                           _____
                                           UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred J. Federici
  Acting United States Attorney
Eva Mae Fontanez
  Assistant United States Attorney
United State Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Margaret A. Katze
  Federal Public Defender
Emily P. Carey
  Assistant Federal Public Defender
Albuquerque, New Mexico

      *Attorneys for the Defendant*